**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JUSTIN WOOD ALLEN,**

      **Plaintiff,**

                                **Civil Action 2:24-cv-3903**
      **v.**                         **Judge Michael H. Watson**
                                **Magistrate Judge Elizabeth P. Deavers**

**NCR CORPORATION,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding without the assistance of counsel, initiated this case on August 30, 2024.  (ECF No. 1.)  On October 17, 2024, the Court notified Plaintiff that his Complaint and *In Forma Pauperis* Application were deficient.  (ECF No. 2.)  The Court ordered Plaintiff to cure the deficiencies by November 16, 2024, and cautioned Plaintiff that failure to comply will result "in the Court striking his Complaint and recommending that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure Rule 41(b)."  (*Id.*)  To date, Plaintiff has not responded to the Court's October 17, 2024 Order.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as

a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted). *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296–297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** this action **WITHOUT PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

       **IT IS SO ORDERED.**

Date:  November 19, 2024         /s/ *Elizabeth A. Preston Deavers*
                                   ELIZABETH A. PRESTON DEAVERS
                                   UNITED STATES MAGISTRATE JUDGE